1
2
3
4
5
6
7
8
9

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROXANN BROWN and MICHELLE SMITH, on their own behalf of others similarly situated, | No. |
| Plaintiffs, | **NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT** |
| v. | Removed From King County Superior Court (Case No.: 23-2-07103-4 Sea) |
| OLD NAVY, LLC; OLD NAVY (APPAREL), LLC; OLD NAVY HOLDINGS, LLC; GPS SERVICES, INC.; and THE GAP, INC., inclusive, | [28 U.S.C. §§ 1332(a), 1441, 1446 and 1453] |
| Defendants. | |

**TO: THE CLERK OF COURT FOR THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON**

**AND TO: PLAINTIFFS AND THEIR ATTORNEYS OF RECORD**

PLEASE TAKE NOTICE THAT, Defendants Old Navy, LLC; Old Navy (Apparel), LLC; Old Navy Holding, LLC[1]; GPS Services, Inc.; and The Gap, Inc. (collectively, "Old Navy"), by and through counsel, hereby remove the above-entitled action from the Superior Court of the State of Washington in and for King County to the United States District Court for the Western District of Washington, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453

---

[1] Old Navy Holdings, LLC is improperly sued. The former entity Old Navy (Holdings), LLC  no longer exists and was merged into Old Navy, LLC as of February 4, 2007.  *See* Ex. C.

NOTICE OF REMOVAL - 1

MORGAN, LEWIS & BOCKIUS LLP
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 274-6400 FAX (206) 274-6401

because (1) complete diversity exists between the parties, and (2) removal is proper pursuant to the Class Action Fairness Act ("CAFA").  Old Navy denies the allegations and relief sought, and files this Notice without waiving any defenses, exceptions, or obligation that may exist in its favor.  Old Navy will provide additional evidence to support the allegations of this pleading as required in the event a challenge is raised to the Court's jurisdiction.

## I.   PROCEDURAL BACKGROUND

1.     On April 19, 2023, Plaintiffs Roxann Brown and Michelle Smith filed a Complaint in King County Superior Court (the "Complaint").  A true and correct copy of the Complaint is attached as **Exhibit A**.

2.     On April 26, 2023, Plaintiffs served copies of the Summons and Complaint, on the registered agents for Old Navy, LLC; Old Navy (Apparel), LLC; Old Navy Holding, LLC; GPS Services, Inc.; and The Gap, Inc.  Copies of these documents are attached hereto as **Exhibit B**.

3.     Plaintiffs allege that Old Navy violated Washington's Commercial Electronic Mail Act ("CEMA") and the Consumer Protection Act ("CPA") by sending marketing emails to Washington consumers with false and misleading subject lines.  Compl. ¶ 4. 4.  Plaintiffs seek statutory and exemplary damages, injunctive relief, and attorneys' fees and costs.  Compl.  ¶ 6.

5.     As alleged in the Complaint, the two Plaintiffs are both citizens of Washington, and bring this action on behalf of persons residing in Washington.  Compl. ¶¶ 7–8

## II.   <u>REMOVAL IS TIMELY</u>

6.     Plaintiffs served the registered agents for Old Navy on April 26, 2023.  Thirty days from service of the Summons and Complaint therefore falls on Friday, May 26, 2023.  Because this Notice is filed within thirty days from service, it is timely under 28 U.S.C. §§ 1446(b) and 1453.  *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999).  No previous Notice of Removal has been filed or made with this Court for the relief sought herein.

**MORGAN, LEWIS & BOCKIUS LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 274-6400 FAX (206) 274-6401

### III.   VENUE

7.   Venue is proper in this Court pursuant to 28 U.S.C. §§ 1441(a) and 1446(a) because the United States District Court for the Western District of Washington embraces the place where this action is pending, King County Superior Court.

### IV.   DIVERSITY JURISDICTION

8.   This is a civil action over which this Court has jurisdiction under 28 U.S.C. § 1332 because, upon information and belief, complete diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000 for each named Plaintiff, exclusive of interests and costs.

9.   "An individual is a citizen of the state in which he is domiciled . . . ." *Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1019 (C.D. Cal. 2002) (citing *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)).  For purposes of diversity of citizenship jurisdiction, citizenship is determined by the individual's domicile at the time that the lawsuit is filed. *Armstrong v. Church of Scientology Int'l*, 243 F.3d 546, 546 (9th Cir. 2000) (citing *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986)).  Domicile is determined by "an individual's 1) residence in a state, and 2) his intent to remain indefinitely." *Boon*, 229 F. Supp. 2d at 1019.  Evidence of continuing residence creates a presumption of domicile.  *Washington v. Hovensa LLC*, 652 F.3d 340, 395 (3d Cir. 2011); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 519 (10th Cir. 1994).

10.   In their Complaint, Plaintiffs allege they reside in Pierce County, Washington and Clark County, Washington.  Compl. ¶¶ 7–8.  Plaintiffs also allege they are citizens of the State of Washington.  Compl. ¶¶ 7–8.  Accordingly, Plaintiffs were and are domiciled in Washington and are citizens of the State of Washington for purposes of removal.

11.   For purposes of establishing diversity jurisdiction, a corporation is deemed to be a citizen of any state in which it has been incorporated and of the state where it has its principal place business.  28 U.S.C. § 1332(c)(1).  The "principal place of business" for the purpose of determining diversity subject matter jurisdiction refers to "the place where a corporation's

MORGAN, LEWIS & BOCKIUS LLP
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 274-6400 FAX (206) 274-6401

officers direct, control, and coordinate the corporation's activities . . . [I]n practice it should normally be the place where the corporation maintains its headquarters-provided that the headquarters is the actual center of direction, control, and coordination, i.e., the 'nerve center,' and not simply an office where the corporation holds its board meetings." *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010).

12.     A Limited Liability Company ("LLC") is a citizen, for diversity purposes, of every state of which its owners/members are citizens.  *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

13.     Defendant GPS Services, Inc. ("GPS Services") is organized under the laws of the State of California.  GPS Services' principal place of business and corporate headquarters is in San Francisco, California, where its officers, direct, control, and coordinate corporate activities.  GPS Services is not and has never been organized under the laws of the State of Washington, nor are its headquarters, executive offices, or officers based in Washington.

14.     Defendant The Gap, Inc. ("Gap") is organized under the laws of the State of Delaware.  Gap's principal place of business and corporate headquarters is in San Francisco, California, where its officers, direct, control, and coordinate corporate activities.  Gap is not and has never been organized under the laws of the State of Washington, nor is its headquarters, executive offices, or officers based in Washington.

15.     Defendant Old Navy, LLC is a limited liability company.  The Gap, Inc. is the sole owner/member of Old Navy, LLC.  As explained above, Gap is incorporated in the State of Delaware and its principal place of business is in the State of California.[2] Therefore, Old Navy, LLC is a citizen of the States of Delaware and California.

16.     Defendant Old Navy (Apparel), LLC ("Old Navy (Apparel)") is a limited liability company.  GPS Services, Inc. is the sole owner/member of Old Navy (Apparel).  As explained above, GPS Services is incorporated and has its principal place of business is in the State of California.  Therefore, Old Navy (Apparel), LLC is a citizen of the State of California.

---

[2] As also explained above, misnamed Defendant Old Navy (Holdings), LLC merged into Old Navy, LLC.

NOTICE OF REMOVAL - 4

17.     There is complete diversity pursuant to 28 U.S.C. §§ 1332(a) and 1441(b) because this is a civil action between citizens of different states.

18.     The amount in controversy requirement is also satisfied because Plaintiffs' Complaint is seeking an amount that is in excess of $75,000 for each named Plaintiff.  Here, Plaintiffs request (1) statutory damages[3] in the amount of $500 for each alleged violation of CEMA pursuant to RCW 19.190.020(1)(b); (2) treble damages pursuant to RCW 19.86.090; and (3) costs and attorneys' fees in connection with this litigation, pursuant to RCW 19.86.090.

19.     A removing party need only show a "plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).  The amount in controversy can include actual damages, punitive damages, and attorney's fees authorized by contract or statute. *See Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001). Attorney's fees are properly included in determining the amount in controversy.  *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 698 (9th Cir. 2007); *Fritsch v. Swift Transp. Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018) (holding that "if a plaintiff would be entitled under a contract or statute to future attorney's fees, such fees are at stake in the litigation and should be included in the amount in controversy").

20.     According to Plaintiffs, an injury occurs each time an email containing false or misleading information in the subject line is sent to a Plaintiff.  Compl. ¶¶ 5, 22. Plaintiffs allege that they have each identified at least 40 emails from Old Navy "with false and misleading subject lines currently in their mailboxes."  Compl. ¶ 90:16–17.  Plaintiffs also allege they each have between 614 and 1,243 emails from Old Navy in their inboxes currently, and they have not foreclosed seeking statutory damages for an as-yet unidentified, additional number of those emails.  Compl. ¶¶ 76, 84.  If a single Plaintiff were to seek statutory damages for even 150 emails (at $500/email), that alone (without accounting for treble damages, actual damages, injunctive relief, and attorney's fees) would exceed the $75,000 threshold.  Moreover, Plaintiffs

---

[3] Defendants dispute that Plaintiffs can seek statutory damages under the terms of CEMA and the Consumer Protection Act.  Nevertheless, because this is a disputed issue, Plaintiffs' claims for statutory damages are appropriately included within the amount in controversy.

NOTICE OF REMOVAL - 5

also state that they cannot identify all the emails received, as some have been deleted, and allege that discovery will show the "full number of illegal spam emails" over time.   Compl. ¶ 90:10–23.   Thus, even based on the Plaintiffs' bare estimations of the actionable emails they allegedly received from Old Navy and the promise for more through discovery, their Complaint puts at issue statutory damages exceeding the $75,000 threshold for the amount-in-controversy.

21.     In addition, Plaintiffs seek treble damages (which are capped at $25,000), and attorney's fees pursuant to RCW 19.86.090.  *See* Compl. ¶ 115.  Thus, the $75,000 threshold is also met even if Plaintiffs only seek statutory damages for 40 emails apiece (a limit to which they have *not* committed).  If each Plaintiff sought $500 per email for 40 emails, plus $25,000 in treble damages, that would bring the total alleged statutory and treble damages to $45,000 per Plaintiff.  And, in separate litigation, attorneys from the law firm representing Plaintiffs have sought an hourly rate of $550 for partners.  *See infra* ¶ 38.  At that rate, Plaintiffs' counsel would only need to incur 55 hours of attorney time (not even accounting for any other fees and costs) to push the total amount-in-controversy above $75,000.  It is readily apparent that Plaintiff's counsel's fees will exceed that amount over the course of this litigation.  Indeed, if this case were to proceed all the way through trial, it is readily apparent that Plaintiff's counsel's fees would exceed the $75,000 threshold standing alone.  Because the CPA authorizes an award of attorney's fees, RCW 19.86.090, those fees must be taken into account in determining the amount-in-controversy for purposes of removal.  *See, e.g.*, *Fritsch*, 899 F.3d at 794 ("We conclude . . . that a court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met.").

22.     For the foregoing reasons, the amount in controversy requirement is easily satisfied because each Plaintiff's alleged statutory damages, treble damages, and attorney's fees place more than $75,000 in controversy.

23.     Based on the foregoing, this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, and this action is properly removed to this Court.

**MORGAN, LEWIS & BOCKIUS LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 274-6400 FAX (206) 274-6401

**V.    ALTERNATIVELY, THE COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION UNDER CAFA**

24.    This lawsuit is a putative class action.[4]  In addition to diversity jurisdiction, removal is also proper pursuant to CAFA and 28 U.S.C. §§ 1441, 1446, and 1453, because: (i) diversity of citizenship exists between at least one putative class member and Defendants; (ii) the aggregate number of putative class members in the proposed class is 100 or greater; and (iii) the Complaint places in controversy more than $5 million, exclusive of interest and costs.  28 U.S.C. §§ 1332(d)(2), (d)(5)(b), 1453.  Old Navy denies Plaintiffs' factual allegations and denies that Plaintiffs—or the class they purport to represent—are entitled to the relief requested in the Complaint.  Nevertheless, based on Plaintiffs' allegations in the Complaint and Prayer of Relief, all requirements for jurisdiction under CAFA have been met in this case.

**A.    Diversity of Citizenship Exists.**

25.    To establish CAFA's diversity requirement, a party seeking removal must establish only that minimal diversity exists, *i.e.*, that one putative class member is a citizen of a state different from any defendant.  28 U.S.C. § 1332(d)(2); *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co.*, 602 F.3d 1087, 1090-91 (9th Cir. 2010) (finding that to achieve its purposes, CAFA provides expanded original diversity jurisdiction for class actions meeting the minimal diversity requirement set forth in 28 U.S.C. § 1332(d)(2)).

26.    As explained above, there is complete diversity pursuant to 28 U.S.C. §§ 1332(a) and 1441(b), because this is a civil action between citizens of different states.  *See supra* ¶¶ 13–16. Accordingly, the minimal diversity requirement of CAFA is also satisfied.

///

///

---

[4] Old Navy denies that class certification is appropriate and reserves the right to contest class certification at the appropriate time.

NOTICE OF REMOVAL - 7

1

### B.      The Putative Class Has More Than 100 Members.

2       27.      CAFA's requirement that proposed class membership be no less than 100 (28

3   U.S.C. § 1332(d)(5)) is satisfied here because Plaintiffs allege in their Complaint that "the Class

4   has more than 1,000 members." Compl. ¶¶ 14, 92.

5

### C.      The Amount in Controversy Exceeds $5,000,000.[5]

6       28.      Pursuant to CAFA, the claims of the individual members in a class action are

7   aggregated to determine if the amount in controversy exceeds $5,000,000, exclusive of interest

8   and costs. 28 U.S.C. § 1332(d)(6).  Because Plaintiffs do not expressly plead a specific amount

9   of damages, a removing party need only show that it is more likely than not that the amount in

10  controversy exceeds $5 million.  *See Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376

11  (9th Cir. 1997).

12      29.      A removing defendant "must file in the federal forum a notice of removal

13  'containing a short and plain statement of the grounds for removal.'"  *Dart Cherokee Basin*

14  *Operating Co. v. Owens*, 574 U.S. 81, 87 (2014) (quoting 28 U.S.C. § 1446(a)).  The short and

15  plain statement "need include only a plausible allegation that the amount in controversy exceeds

16  the jurisdictional threshold." *Id.* at 89.  It is beyond dispute that "a removing defendant's notice

17  of removal need not contain evidentiary submissions but only plausible allegations of the

18  jurisdictional elements." *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019)

19  (internal citations omitted); *see also Dart Cherokee*, 574 U.S. at 84 (holding that a "statement

20  'short and plain' need not contain evidentiary submissions"); *Jauregui v. Roadrunner Transp.*

21  *Servs., Inc.*, 28 F.4th 989, 993 (9th Cir. 2022) (reversing district court's order remanding the

22

23  ─────────────────────

[5] This Notice of Removal addresses the nature and amount of damages that the Complaint places in controversy.
24  Old Navy refers to specific damages estimates and cites to comparable cases solely to establish that the amount in
    controversy exceeds the jurisdictional minimum.  Old Navy maintains that each of Plaintiffs' claims lack merit and
25  that Old Navy is not liable to Plaintiffs or any putative class member in any amount whatsoever.  No statement or
    reference contained herein shall constitute an admission of liability or a suggestion that Plaintiffs will or could
26  actually recover any damages based upon the allegations contained in the Complaint or otherwise.  "The amount in
    controversy is simply an estimate of the total amount in dispute, not a prospective assessment of [Old Navy's]
27  liability."  *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010).

**MORGAN, LEWIS & BOCKIUS LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 274-6400 FAX (206) 274-6401

action to state court due to an 'inappropriate demand of certitude from [the defendant] over its assumptions used in calculating the amount in controversy' for purposes of CAFA removal).

30.     The ultimate inquiry is what amount the complaint places "in controversy," not what a defendant may actually owe in damages. *LaCross v. Knight Transp. Inc.*, 775 F.3d 1200, 1202 (9th Cir. 2015) (citation omitted) (explaining that courts are directed "to first look to the complaint in determining the amount in controversy"); *see also Jauregui*, 28 F.4th at 993 ("At that stage of the litigation, the defendant is being asked to use the plaintiff's complaint—much of which it presumably disagrees with—to estimate an amount in controversy. This is also at a stage of the litigation before any of the disputes over key facts have been resolved."). The burden to establish the jurisdictional amount under CAFA "is not 'daunting,' as courts recognize that under this standard, a removing defendant is not obligated to 'research, state and prove the plaintiff's claims for damages.'" *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008); *see also LaCross*, 775 F.3d at 1203 (rejecting plaintiff's argument for remand based on the contention that the class may not be able to prove all amounts claimed: "Plaintiffs are conflating the amount in controversy with the amount of damages ultimately recoverable."); *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1198 n.1 (9th Cir. 2015) (in alleging the amount in controversy, defendants "are not stipulating to damages suffered, but only estimating the damages in controversy.").

31.     The allegations in the removing defendant's notice of removal "may rely on 'a chain of reasoning that includes assumptions' and 'an assumption may be reasonable if it is founded on the allegations of the complaint.'" *Marano v. Liberty Mut. Grp., Inc.*, 2021 WL 129930, at *2 (C.D. Cal. Jan. 14, 2021) (*quoting Arias*, 936 F.3d at 925 (9th Cir. 2019)). Moreover, Congress intended for federal jurisdiction to be appropriate under CAFA "if the value of the matter in litigation exceeds $5 million either from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (e.g., damages, injunctive relief or declaratory relief)." Senate Judiciary Report, S. REP. 109-14, at 42. As the United States Supreme Court has advised, "no antiremoval presumption attends [a] case invoking

MORGAN, LEWIS & BOCKIUS LLP
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 274-6400 FAX (206) 274-6401

CAFA" because Congress intended to "facilitate adjudication of certain class actions in federal court." *Dart Cherokee*, 574 U.S. at 87.

32.     In assessing the amount in controversy, a court must "assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Campbell v. Vitran Exp., Inc.*, 471 F. App'x. 646, 648 (9th Cir. 2012) (*citing Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002)).  When the complaint is "lacking in factual detail," a defendant seeking removal is particularly "justified in employing reasonable estimates" to establish the amount in controversy.  *Ritenour v. Carrington Mortg. Servs., LLC*, 228 F. Supp. 3d 1025, 1029 (C.D. Cal. 2017); *see also Muniz v. Pilot Travel Ctrs. LLC*, 2007 WL 1302504, at *4 (E.D. Cal. May 1, 2007) (denying remand where defendant applied reasonable assumptions to complaint that had no fact-specific allegations because a plaintiff seeking to avoid removal "could have alleged facts specific to her claims which would narrow the scope of the putative class or damages sought").

33.     While Old Navy denies Plaintiffs' factual allegations and denies that they or the putative class they seek to represent are entitled to any of the relief for which Plaintiffs have prayed, it is clear that the allegations within the Complaint put more than $5 million into controversy when aggregating the claims of the putative class members as set forth in 28 U.S.C. § 1332(d)(6).

   1.     **Plaintiffs' First and Second Causes of Action for Violations of CEMA and the CPA Place Over $5,000,000 in Controversy.**

34.     In their Complaint, Plaintiffs allege that Defendants sent "dozens of commercial electronic mail messages with false or misleading subject lines to them and the Class," in violation of CEMA.  Compl. ¶5.  According to Plaintiffs, "Old Navy may send a single consumer up to five marketing emails per day, and commonly send three marketing emails every day, many of them advertising 'limited time offers.'"  Compl. ¶ 33:4–7.  Plaintiffs allege they have each received at least 40 emails from Old Navy "with false and misleading subject lines currently in their mailboxes," as well as having a combined total of 1,857 emails currently in their inboxes,

**MORGAN, LEWIS & BOCKIUS LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 274-6400 FAX (206) 274-6401

and they contend that the named Plaintiffs are representative of the class. Compl. ¶ 90:16–17. Plaintiffs seek statutory damages in the amount of $500 for each violation of CEMA pursuant to RCW 19.190.020, *and* treble damages pursuant to RCW 19.86.090. Using Plaintiffs' alleged number of deceptive emails per class representative (40 or more per person) and averaging that number across the class, with an alleged Class of at least 1,000 people and alleged statutory damages of $500 per purported violation, the amount-in-controversy in this case easily exceeds $5,000,000.

### 2. Plaintiffs' Request for Attorneys' Fees Place Additional Amount in Controversy, Further Exceeding the CAFA Threshold.

35. Plaintiffs also seek recovery of attorneys' fees pursuant to RCW 19.86.090. *See* Compl. ¶ 115. Attorneys' fees are properly included in determining the amount in controversy. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 698 (9th Cir. 2007); *Fritsch v. Swift Transp. Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018) (holding that "if a plaintiff would be entitled under a contract or statute to future attorney's fees, such fees are at stake in the litigation and should be included in the amount in controversy"); *Dawsey v. Travelers Indem. Co.*, Case No. 3:15-cv-05188-RBL, 2015 WL 4394545, at *3 (W.D. Wash. July 16, 2015) (allowing attorneys' fees of 25% of compensatory damages to be included in CAFA amount in controversy calculation). "A defendant does 'not need to prove to a legal certainty' that a plaintiff will be awarded the proffered attorneys' fees in the removal notice." *Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 774 n.4 (9th Cir. 2020) (quoting *Dart Cherokee*, 574 U.S. at 88).

36. Old Navy denies Plaintiffs' claim for attorneys' fees. However, for purposes of removal, the Ninth Circuit has held that future fee estimates can be based on "customary rates and proper fees," and that "a percentage-based method," such as 25% of the amount in controversy, may also be relevant when estimating the amount of fees included in the amount in controversy. *Fritsch*, 899 F.3d at 795 and 796, fn. 6. Courts have used the 25% benchmark to calculate potential fees for purposes of the CAFA amount in controversy. *See*, *e.g.*, *Dawsey*, 2015 WL 4394545, at *2–3 (adding 25 percent benchmark to estimated common fund value);

NOTICE OF REMOVAL - 11

*Berry v. Transdev Services, Inc.*, 2016 WL 11261499, at *4-5 (W.D. Wash. Jan. 11, 2016) ("Courts also recognize that two possible benchmarks for estimating such attorneys' fees: an estimate under a lodestar calculation or using a 25% common fund benchmark."). Courts therefore include a potential 25% fee award in the CAFA amount in controversy.

37.   Even though Old Navy has already demonstrated by a preponderance of the evidence that the amount in controversy exceeds $5,000,000, above, Old Navy notes that the inclusion of attorneys' fees would increase the amount in controversy even further above the $5,000,000 threshold.

38.   Even if the 25% benchmark is not used, it is reasonable to assume that Plaintiffs' potential future attorneys' fees place at least an additional $1,000,000 in controversy. Plaintiffs' attorneys have recently presented to courts in fee motions in class actions that their hourly rate is $550 for partners, $325 for an associate, and $200 for a paralegal. *See Hoffman v. Hearing Help Express, Inc. et al.*, No. 3:19-cv-05960-MJP, Dkt. No. 140 (W.D. Wash. Oct. 27, 2021) (presenting Beth Terrell's hourly rate as $550 in 2021); *see also Carranza v. Dovex Fruit Company*, No. 2:16-cv-00054-SMJ, Dkt. No. 108 (E.D. Wash. Sept. 27, 2018) (granting final approval and approving a $525 hourly rate for an attorney at Plaintiff's counsel's firm in 2019).

39.   Based on the foregoing rates, and consistent with precedent in other class actions, the preponderance of the evidence shows that attorneys' fees likely to increase the amount in controversy by at least $1,000,000 if this case is litigated through trial, further exceeding the $5,000,000 threshold for removal under CAFA. *See, e.g.*, *Ibarra v. Wells Fargo Bank, N.A.*, 2018 WL 5276295, at *7 (C.D. Cal. Sept. 28, 2018) (awarded $1,967,253.76 in attorneys' fees to the plaintiffs following summary judgment in their favor where class counsel had spent 1,805.55 hours litigating at rates ranging from $325 to $775); *In re Taco Bell Wage and Hour Actions*, 222 F. Supp. 3d 813, 847 (E.D. Cal. 2016) (awarding $1,156,821.12 in fees following trial based on 4,016.74 hours billed and a blended rate of only $288 per hour).

///

NOTICE OF REMOVAL - 12

1

### D.    CAFA's Exceptions to Removal Do Not Apply.

2    40.    CAFA's "home-state" and "local controversy" exceptions do not apply to this

3   removal.   The "home state" exception prevents CAFA removal only when all "primary

4   defendants" are citizens of the state in which the action was filed.  28 U.S.C. § 1332(d)(4)(B);

5   *Phillips v. Kaiser Found. Health Plan, Inc.*, 953 F. Supp. 2d 1078, 1086 (N.D. Cal. 2011)

6   ("[Home state] test requires that all 'primary defendants' be residents of the same state in which

7   the action is filed.").  Likewise, under the "local controversy exception," at least one defendant

8   must be "a citizen of the State in which the action was originally filed."  28 U.S.C. 1332(d)(4)(A).

9   Here, Plaintiffs brought all claims in the Complaint against Old Navy, LLC; Old Navy (Apparel),

10  LLC; Old Navy Holding, LLC; GPS Services, Inc.; and The Gap, Inc., seeking damages against

11  all Defendants without distinction.  *See* Compl., Request for Relief ¶ R.  None of the Defendants

12  are citizens of the State of Washington where the action was filed, negating application of the

13  home state and local controversy exceptions.  *See supra* ¶ 13–16.

14  **VI.   NOTICE**

15    41.    Old Navy will promptly serve this Notice of Removal on all parties and will

16  promptly file a copy of this Notice of Removal with the clerk of the state court in which the

17  action is pending, as required under 28 U.S.C. section 1446(d).

18  **VII.   CONCLUSION**

19  Based on the foregoing, removal is proper to this Court.  If any question arises as to the propriety

20  of the removal of this action, Old Navy respectfully requests the opportunity to conduct

21  jurisdictional discovery, and to present a brief and oral argument in support of its position that

22  this case is subject to removal.

23  ///

24

25

26  ///

27    DATED this 25th day of May, 2023.

NOTICE OF REMOVAL - 13

1

2
**MORGAN, LEWIS & BOCKIUS LLP**

3
By: *s/ Damon C. Elder*

4
      Damon C. Elder, WSBA No. 46754

5
By: *s/ Andrew DeCarlow*

6
      Andrew DeCarlow, WSBA No. 54471

7
      1301 Second Avenue, Suite 2800

8
      Seattle, WA 98101
      Phone: (206) 274-6400

9
      Email:      damon.elder@morganlewis.com
                     andrew.decarlow@morganlewis.com

10
*Attorneys for Defendants*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

NOTICE OF REMOVAL - 14

**CERTIFICATE OF SERVICE**

1

2          I, Lixi Aylin Colmenero, declare that I am employed by the law firm of Morgan,

3   Lewis & Bockius LLP, a resident of the State of Washington, over the age of eighteen (18) years,

4   not a party to the above-entitled action, and competent to be a witness herein.

5          On May 25, 2023, I caused a true and correct copies of the following documents

6   to be served on counsel listed below in the manner indicated:

7          1.   Defendants Old Navy, LLC; Old Navy (Apparel), LLC; Old Navy

8               Holding, LLC; GPS Services, Inc.; and The Gap, Inc's Notice of Removal

9               to Federal Court

10         2.   Defendant's Verification of State Court Records

11         3.   Defendants Old Navy, LLC; Old Navy (Apparel), LLC; Old Navy

12              Holding, LLC; GPS Services, Inc.; and The Gap, Inc's Corporate

13              Disclosure Statement

14         4.   Notice of Filing of Notice of Removal

15

16  Blythe H. Chandler, WSBA No. 43387                    ☐ Via legal messengers
    Jennifer Rust Murray, WSBA No. 36983                  ☐ Via first class mail
17  Beth Ellen Terrell, WSBA No. 51513                    ☐ Via facsimile
    TERRELL MARSHALL LAW GROUP PLLC                       ☒ Via email
18  936 N. 34th Street, Ste. 300                          ☐ Via E-Service
    Seattle, WA 98103
19  Phone: (206) 816-6603
20  Email: bchandler@terrellmarshall.com
           jmurray@terrellmarshall.com
21         beth@terrellmarshall.com

22  *Attorneys for Plaintiffs Roxann Brown & Michelle*
    *Smith*
23

24         DATED this 25th day of May, 2023.

25
                    *s/ Lixi Aylin Colmenero*
26                  Lixi Aylin Colmenero

27

NOTICE OF REMOVAL - 15

**MORGAN, LEWIS & BOCKIUS LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 274-6400 FAX (206) 274-6401