1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROXANN BROWN and MICHELLE SMITH, on their own behalf and on behalf of others similarly situated,

Plaintiffs,

v.

OLD NAVY, LLC; OLD NAVY (APPAREL), LLC; OLD NAVY HOLDINGS, LLC; GPS SERVICES, INC.; and THE GAP, INC., inclusive,

Defendants.

CASE NO. 2:23-cv-00781-JHC

ORDER CERTIFYING QUESTION TO WASHINGTON STATE SUPREME COURT

Plaintiffs bring claims based on Defendants' alleged violations of Washington's Commercial Electronic Mail Act ("CEMA") and Washington's Consumer Protection Act ("CPA"). *See* Dkt. # 1-1; RCW 19.190 *et seq.*; RCW 19.86 *et seq.* According to the complaint, Defendants send promotional emails to Washington consumers containing "false or misleading information in the subject lines" that misstate "the duration of given promotions, in an apparent effort to drive sales by creating a false sense of urgency." Dkt. # 1-1 at 2–3 ¶ 2. Plaintiffs say that these emails violate CEMA and constitute per se violations of the CPA. *Id.* at 20–22 ¶¶ 99–116.

The matter before the Court is Defendants' motion to dismiss. *See* Dkt. # 5. In briefing the Court on the motion, the parties debate the meaning of the following CEMA provision:

> (1) No person may initiate the transmission, conspire with another to initiate the transmission, or assist the transmission, of a commercial electronic mail message from a computer located in Washington or to an electronic mail address that the sender knows, or has reason to know, is held by a Washington resident that . . . (b) [c]ontains false or misleading information in the subject line.

RCW 19.190.020(1) (emphasis added).

Defendants contend that the provision is "vague and open to interpretation," compelling the Court to consider CEMA's legislative history and the context surrounding its enactment. Dkt. # 5 at 6 (citing *Five Corners Fam. Farmers v. State*, 173 Wash.2d 296, 312, 268 P.3d 892 (2011)). They assert that the Court should conclude that Plaintiffs' claims fail as a matter of law because "CEMA is only violated when the sender makes false or misleading statements in the subject line *that conceals the commercial nature of the email*." *Id.* at 6–7 (emphasis added); *see Chen v. Sur La Table, Inc.*, 655 F. Supp. 3d 1082 (W.D. Wash. 2023)).

Plaintiffs respond that RCW 19.190.020(1)(b)'s language is "plain on its face" and the Court's "inquiry should end there." *See* Dkt. # 14 at 11. But if the inquiry proceeds further, Plaintiffs say that CEMA's "legislative history . . . and the circumstances surrounding its enactment show that the legislature intended to reduce the volume of commercial email that consumers unwittingly open and read." *Id.* at 13, 15. In the alternative, Plaintiffs request that the Court certify a question to the Washington Supreme Court "about the scope of CEMA's prohibition on false or misleading subject lines." *Id.* at 20–21.

Because this issue of Washington law disposes of this case, is "not entirely settled," *see Cornhusker Cas. Inc. Co. v. Kachman*, 514 F.3d 982, 988–89 (9th Cir. 2008), and its resolution will have far-reaching effects on individuals subject to Washington law, *see Queen Anne Park*

*Homeowners Ass'n v. State Farm Fire & Cas. Co.*, 763 F.3d 1235, 1235 (9th Cir. 2014), the Court respectfully CERTIFIES the following question to the Washington Supreme Court:

> Does RCW 19.190.020(1)(b) prohibit the transmission of a commercial email with a subject line containing *any* false or misleading information, or is the prohibition limited to subject lines containing false or misleading information *about the commercial nature of the email message*?

*See* RCW 2.60.020; *see, e.g.*, *Convoyant LLC v. DeepThink, LLC*, 2022 WL 36726 (W.D. Wash. Jan. 3, 2022).

The Court does not intend its framing of this question to restrict the Washington Supreme Court's consideration of any issues.  Should the Washington Supreme Court accept certification, to be sure, it may reformulate the question.  *See Affiliated FM Ins. Co. v. LTK Consulting Servs. Inc.*, 556 F.3d 920, 922 (9th Cir. 2009).

The Clerk is thereby DIRECTED to submit to the Washington Supreme Court electronic and certified copies of this order, a copy of the docket in the above-captioned matter, and all materials at docket numbers 1, 5, 6, 14, 15, and 16.  The Court certifies that these documents contain all matters in the pending case deemed material for consideration of the question of local law certified for answer.  *See* RCW 2.60.010(4)(b).  The Court designates Defendants as the party to file the first brief in the Washington Supreme Court on the certified question.  *See* Wash. R. App. P. 16.16(e)(1).  The parties are referred to Washington Rule of Appellate Procedure 16.16 for additional information regarding procedures on review of the certified question.

The Court STAYS this action pending the Washington Supreme Court's decision on the certified question.  The parties shall file a joint status report no later than fourteen (14) days after the Washington Supreme Court issues a final decision.

Dated this 29th day of November, 2023.

John H. Chun
United States District Judge